IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEBRA MEDINA, § | |
| § | |
| Plaintiff, § | |
| § | |
| V.  § | No. 3:14-cv-2209-BN |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Debra Medina seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

## **Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including diabetes, neuropathy, high blood pressure, back and hip problems, bladder control, abdominal pain, high cholesterol, and slight short term memory. *See* Administrative Record [Dkt. No. 10 ("Tr.")] at 132. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on September 23, 2013. *See id.* at 44-52. At the time of the hearing, Plaintiff was 58 years old. *See id.* at 18. She is a high school graduate and has past work experience as a secretary, home health aide, cashier checker, and sales representative in a hardware store. *See id.* at 13-18. Plaintiff did not engage in substantial gainful activity between the alleged onset

date of January 1, 2011 through the date last insured of December 31, 2012. *See id.* at 46.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Plaintiff suffered from lumbar degenerative disc disease, diabetes, and vertigo, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 46-47. The ALJ further determined that, through the date last insured, Plaintiff had the residual functional capacity to perform her past relevant work as a secretary. *See id.* at 51.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error. More particularly, Plaintiff challenges the ALJ's determination that she could perform past relevant work as a secretary. Plaintiff argues that she was not employed as a secretary long enough to meet the duration requirement for past relevant work and that the ALJ failed to consider her post-hearing written work history statement.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions

are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1.  The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.  The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.  The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.  If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.  If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland*, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is

4

disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

6

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff argues that the ALJ's finding that she could perform past relevant work is not supported by substantial evidence because the duration requirement for past relevant work was not met and the ALJ failed to consider her post-hearing written work history statement.

At the September 23, 2013 administrative hearing, Plaintiff testified that she worked as a secretary at Friendly Chevrolet for seven or eight months. *See* Tr. at 11, 25. *But see id.* at 17-18, 25 (agreeing that she worked there for "close to a year or more"). When asked how the job ended, she stated that she was having problems with her legs and back, implying that it was because of her disabilities. On further questioning, Plaintiff clarified that she was fired but was not given a reason for her firing. *See id.* at 11-12, 17-18. She also testified that she previously worked at Payless Cashways doing the same type of work. *See id.* at 12-13. Her job at Payless Cashways included working as the call center manager overseeing salespersons and operating the checkout machine. *See id.* at 23.

The vocational expert ("VE") testified that Plaintiff had worked as a secretary, referring to DOT 201.362-030, which classifies the job as sedentary, skilled, SPV [Specific Vocational Preparation] 6. *See id.* at 16. He reported that Plaintiff described her secretarial job duties as answering the phone, preparing emails with prices, calling

7

clients, setting appointments, and doing computer work and internet sales. *See id.* at 26, 156.

The VE further testified that it takes the average worker one to three years to learn a job classified as SVP6. But the VE explained that that does not mean the claimant must have had the job for at least one year but instead that refers to the amount of time that the typical worker spends to learn the technique, acquire the information, and develop the facilities needed for accurate performance in a specific job and that it includes vocational training, vocational education, apprenticeship, in-plant training, on-the-job training, and essential experience gained on other jobs. *See id.* at 25-26, 31-32. The VE noted an overlap in job duties at Friendly Chevrolet and Payless Cashways and opined that, with Plaintiff's previous background, seven or eight months in the secretarial job was enough for her to be operating at an SVP6 level. *See id.* at 26-27, 32-33, 153-56.

The ALJ acknowledged the issue of whether Plaintiff had the secretarial job long enough to meet the duration requirement for past relevant work. *See id.* at 26, 30. The ALJ also stated that he was unable to accept Plaintiff's testimony concerning how long she had the secretarial job and instructed Plaintiff's attorney to obtain payroll records from Friendly Chevrolet to determine how many months Plaintiff worked there, a description of her job duties, and the circumstances under which she was fired. *See id.* at 26, 30, 34. He warned Plaintiff's counsel that, if he failed to do so, the ALJ was inclined to accept the VE's opinion because Plaintiff was uncertain how long she worked in the secretarial job. *See id.* at 30. After this exchange, Plaintiff interjected

8

that, while at Friendly Chevrolet, she was moved from internet sales to service and that she was not qualified to work in service. *See id.* at 36.

On October 9, 2013, Plaintiff's attorney provided the ALJ with a written "Work History Statement" in which Plaintiff declared that "I worked at Friendly Chevrolet for less than a full year. While I am uncertain as to the precise start and stop dates of my employment there, I recall that I did not work there for a full year. I was also fired from Friendly Chevrolet due to work absences and inability to satisfactorily perform my job. Furthermore, my work at Friendly Chevrolet was wholly unlike any prior work I had performed. .... Although my prior work at Payless Cashways involved some detailed and complex tasks, the majority of my time was spent performing rudimentary 1 or 2-step tasks. I certainly never used any of the abilities or skills I learned at Payless Cashways at Friendly Chevrolet." *See id.* at 129-30. On October 30, 2013, Plaintiff's attorney informed the ALJ that he had contacted Friendly Chevrolet, who informed him that it had upgraded its computer system since Plaintiff worked there and it could not provide the requested information. *See id.* at 209.

The ALJ issued his decision on November 27, 2013. At Step 3, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that she could not climb ropes, ladders, or scaffolds, that she could engage in postural activities only occasionally, and that she should avoid hazardous work and more than moderate vibration. *See id.* at 50.

At Step 4, the ALJ determined that Plaintiff could perform her past relevant work as a secretary. The ALJ noted "[t]he impartial vocational expert testified that

based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as a secretary." The ALJ acknowledged that Plaintiff "did this sedentary SVP6 work for 6-7 months" and then explained that "[t]he claimant may have performed at lower SVP due to working less than a year, but the vocational expert testified that claimant has worked on other jobs, such as manager at Payless and working with contractors, developing the skills that she used as a secretary. I find that she acquired the skills to do her past relevant work." The ALJ also found that Plaintiff's past relevant work "does not conflict with the information provided in the Dictionary of Occupational Titles." Tr. at 51. The ALJ made no mention of Plaintiff's post-hearing Work History Statement.

Plaintiff contends that the ALJ erred by finding that her secretarial job was past relevant work. "Past relevant work is work that [Plaintiff has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [Plaintiff] to learn to do it." 20 C.F.R. § 404.1560(b)(1).

First, Plaintiff contends that the duration requirement for past relevant work was not met. "Duration refers to the length of time during which the person gained job experience. It should have been sufficient for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation. The length of time this would take depends on the nature and complexity of the work." SSR 82-62, 1982 WL 31386, at *2 (S.S.A. 1982). According to the Dictionary of Occupational Titles ("DOT"), the job of secretary, defined by the VE as DOT number 201.362-030, is a sedentary position with a specific

10

vocational preparation of "[o]ver 1 year up to and including 2 years." *See* DOT 201.362-030, 1991 WL 671672; *see also* DOT app. C, at 1009, 1991 WL 688702 (a job classified as SVP6 requires "over 1 year up to and including 2 years" of training). Plaintiff argues that, because she was employed for less than one year as a secretary at Friendly Chevrolet, the duration requirement for past relevant work was not met.

When the DOT job description conflicts with a vocational expert's testimony, as is the case here, the majority of circuits, including the United States Court of Appeals for the Fifth Circuit, hold that neither the DOT nor the vocational expert testimony is per se controlling, and the ALJ may rely on the vocational expert's testimony provided that the record reflects an adequate basis for doing so. *See Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) (discussing split of authority); *see also Leggett v. Chater*, 67 F.3d 558, 564-65 (5th Cir. 1995) (vocational expert testimony may be relied on to show a claimant can perform past relevant work.). In adopting a middle-ground approach, the Fifth Circuit explained that "the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job. 'The value of a vocational expert is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed.'" *See id.* at 145 (quoting *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986)). In this case, the ALJ did not err by considering the VE's testimony even though it differed from the DOT job description. The VE factored in the skills that Plaintiff acquired at prior jobs as well as during her seven to eight months

11

at Friendly Chevrolet to determine that she met the duration requirement for past relevant work as a secretary.

Second, Plaintiff contends that the ALJ failed to consider her allegations that she never learned how to perform secretarial work at Friendly Chevrolet and that she was fired before she could learn how to adequately perform the job. Plaintiff is correct that the ALJ's decision does not mention either her testimony at the hearing or the Work History Statement submitted after the hearing. Likewise, the decision does not contain any determination regarding the credibility of Plaintiff's claims concerning employment.

Plaintiff argues this case is "somewhat analogous" to *Beasley v. Chater*, 83 F.3d 420, (5th Cir. 1996). In that case, the plaintiff's claim for disability was denied on the basis that her date last insured had expired. Plaintiff asserted that she had continued to work, thus extending her date last insured, and submitted an affidavit following the hearing as evidence that her past work activity extended beyond the date last insured. The ALJ did not discuss the affidavit and denied Plaintiff's claim. The Fifth Circuit reversed and remanded, stating that "such evidence cannot be disregarded" and explaining that "[t]he ALJ was not required to believe [plaintiff's] evidence; however, he was required to consider it and explain why he found it not credible." *Id.* at *3 (citing *Singer v. Weinberger*, 513 F.2d 176, 178 (9th Cir. 1975)).

Relying on *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994), Defendant responds that the ALJ does not need to specifically discuss all the evidence that supports his decision or all the evidence that was rejected. But courts in this district

12

have limited *Falco* to its holding concerning an ALJ's duty to articulate reasons for rejecting subjective complaints of pain. *See Wicks v. Colvin*, No. 3:13-cv-1696-B, 2014 WL 4547803, at *4 (N.D. Tex. Sept. 2, 2014); *Gittens v. Astrue*, No. 3:04-cv-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008). Thus, *Falco* does not relieve the ALJ from considering Plaintiff's evidence concerning her employment.

If Plaintiff could have prevailed if all of her evidence had been believed, the trier of fact has a duty to pass on the issue of the truth and reliability of her statements. *See Scharlow v. Schweiker*, 655 F.2d 645, 648-49 (5th Cir. 1981). "'The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Jefferson v. Barnhart*, 356 F. Supp. 2d 663, 679 (S.D. Tex. 2004) (quoting SSR 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996)).

Defendant argues that the ALJ did consider Plaintiff's work-related evidence because he stated in the decision that Plaintiff worked at Friendly Chevrolet for six to seven months, as Plaintiff testified at the hearing, and he referenced the VE's testimony, which was based, in part, on Plaintiff's descriptions of her past work. But that was not enough. The ALJ made no mention of the post-hearing, written Work History Statement. And, without an adequate explanation, neither Plaintiff nor

13

subsequent reviewers, including this Court, will have a fair sense of how Plaintiff's hearing testimony and post-hearing statement were weighed. *See id.*

Also, there is a conflict between Plaintiff's hearing testimony and her post-hearing statement. At the hearing, Plaintiff vacillated about how long she was employed by Friendly Chevrolet, testifying it was anywhere from six months to over one year. In the post-hearing statement, she declares that she did not work there for a full year. At the hearing, Plaintiff implied that she was fired because of her disabilities and testified that she was given no reason for her firing. In the post-hearing statement, she declares that she was fired due to work absences and inability to satisfactorily perform my job. At the hearing, she testified that she did the same type of work at Payless Cashways and Friendly Chevrolet. In the post-hearing statement, she declared that the work at Friendly Chevrolet was unlike any prior work and that she did not use the abilities or skills learned at Payless Cashways at her subsequent job at Friendly Chevrolet.

While Defendant's observation that Plaintiff's post-hearing statement reads more like that of a vocational expert than a person describing her job as she actually performed it is well taken, *see Harrell v. Bowen*, 862 F.2d 471, 482 (5th Cir. 1988) (lay witness statements may be rejected as created in anticipation of litigation), it would be improper for the Court to attempt to resolve conflicts in the evidence. The ALJ has to responsibility to resolve conflicts in the evidence and questions of credibility. *See Masterson v. Barnhart*, 30 F.3d 267, 272 (5th Cir. 2002).

14

But the ALJ failed to do so here, which resulted in prejudicial error. Even though the ALJ did not err by considering the VE's testimony, if he had considered Plaintiff's post-hearing statement and resolved the conflicts in the evidence in her favor, the decision may have been different.

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

DATED: August 6, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.